UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAMECIA BROWN,<br><br>    Plaintiff,<br>v.<br>ALBERTSONS, LLC,<br><br>    Defendant. | Case No. 2:16-cv-01991-JAD-PAL<br><br>ORDER<br><br>(Mot Ext Time – ECF No. 25) |

The court conducted a hearing on September 7, 2017, on defendant's Motion to Reopen Expert Discovery and for Extension/Modification of Discovery Plan and Scheduling Order (Fourth Request) (ECF No. 25). David Tanner appeared on behalf of plaintiff, and Justin Smerber appeared on behalf of defendant. The court has considered the motion, plaintiff's Response (ECF No. 27), defendant's Reply (ECF No. 28), and the arguments of counsel at the hearing.

This motion was filed on August 25, 2017, more than three weeks after the parties were unable to settle this case in a private mediation held on August 1, 2017. Defendant seeks to extend or modify the court's discovery plan and scheduling order deadline to allow the parties to depose experts whose depositions were not taken to avoid the expense while attempting to mediate their disputes. Defendant also seeks to reopen the expert discovery deadline to designate an orthopedic spine expert. This is the fourth request to extend the discovery plan and scheduling order deadlines.

Plaintiff does not oppose the motion to the extent it requests an opportunity to depose the experts whose depositions were held in abeyance while the parties attempted to settle this case. However, plaintiff opposes the motion to reopen discovery to allow defendant to disclose an orthopedic spine expert.

1    Having reviewed and considered the moving and responsive papers, supporting exhibits and arguments of counsel, the court will grant the motion to modify the discovery plan and scheduling order to allow the parties to depose the experts whose depositions were not completed while the parties attempted to settle this case in a private mediation. However, the court will deny the motion to reopen discovery to allow defendant to retain and disclose an orthopedic spine surgeon.

It is clear from the court's review of the voluminous record in this case that plaintiff timely disclosed the injuries she sustained related to this accident, including her left knee injury and back injuries. The plaintiff provided initial disclosures and has supplemented them as additional treatment has been received. Plaintiff answered interrogatories describing her injuries which included injuries to her low back. She was treated at Sunrise Hospital a day after the slip and fall involved in this case for injuries to her knee and low back and those records were disclosed and produced in discovery. Plaintiff disclosed that she was initially treated at the hospital for low back injuries. She subsequently treated with a chiropractor and was later referred to a pain management specialist, when her chiropractor advised her he could do nothing further for her. All of these records were disclosed to opposing counsel in a timely manner. Plaintiff timely disclosed her expert witnesses including Dr. Cash, a spine surgeon.

Plaintiff was deposed on December 21, 2016. At her deposition she testified about the treatment she had and was receiving for her low back which included injections. She also testified that she had been told she might need surgery if the injections were not effective. She testified was scheduled for injection treatment the day after her deposition.

The parties' third stipulation to extend discovery asked the court to delay expensive expert depositions until after private mediation. Defense counsel stipulated that the only remaining discovery "are the depositions of the parties' disclosed experts" and that the witness identified in the stipulation "are the only discovery actions remaining in this action." The 6 disclosed experts were identified in the stipulation and proposed order. It seems clear to the court from a review of the record as a whole that defendant made a decision not to retain an orthopedic spine specialist because the medical specials timely disclosed during discovery were not substantial, *i.e.*, only

approximately $15,000. While the treatment costs were modest the medical records disclosed early in the case in initial disclosures included an MRI of her spine which documented objective evidence of a back injury. Timely disclosed records also reflected ongoing treatment with a chiropractor and a pain management specialist. Plaintiff advised defense counsel at her deposition more than 8 months ago that she had been told that if her injection treatments with her pain management specialist were not effective she might need surgery. The only thing that has changed is that plaintiff has recently consulted with spine surgeon, Dr. Cash, as a treating physician whose treatment notes indicate she may experience future exacerbation to her lumbar spine "as there is structural compromise to the spine and will require future treatment." However, that treatment has not yet been decided, and the MRI of the spine produced during initial disclosures revealed objective evidence of spinal injuries at multiple levels. Under all these circumstances, the court finds defendant has not established good cause or excusable neglect to reopen discovery to retain an expert on an injury plaintiff disclosed from the beginning of this case.

**IT IS ORDERED:**

1. Defendant's Motion to Reopen Expert Discovery and for Extension/Modification of Discovery Plan and Scheduling Order (Fourth Request) (ECF No. 25) is **GRANTED** with respect to the expert depositions outlined in the motion, and discovery is extended until November 30, 2017 for the limited purpose of taking the 6 expert depositions identified in the motion.

2. The motion is **DENIED** with respect to the request to reopen expert discovery.

DATED this 11th day of September, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE